IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03290-BNB

THOMAS STOCKS,

    Plaintiff,

v.

GEORGE BRAUCHLER,
COLLEEN CLARK, and
ERIC WHITE,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Thomas Stocks, initiated this action on December 5, 2013, by filing a Complaint pursuant to 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge Boyd N. Boland granted Plaintiff leave to proceed pursuant to § 1915 on December 6, 2013.

    Subsection (e)(2)(B) of § 1915 requires a court to *sua sponte* dismiss an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  *See id.*  This action will be dismissed for the reasons stated below.

Plaintiff alleges Defendants George Brauchler and Colleen Clark are the district attorneys prosecuting his criminal case and are guilty of prosecutorial misconduct for failure to follow *Brady* disclosure requirements.  Compl. at 2.  Plaintiff further asserts that Defendant Eric White was appointed as advisory counsel but did nothing to assist him in securing discovery and has conspired with Defendants Brauchler and Clark to withhold Plaintiff's discovery requests.  Plaintiff seeks money damages and asks that this Court enjoin Defendants Brauchler and Clark from prosecuting and Defendant White from handling the criminal case pending against him in state court.

Plaintiff's *Brady* claims asserted against Defendants Brauchler and Clark are barred by the doctrine of absolute prosecutorial immunity.  State prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978).  Plaintiff's allegations against these Defendants involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430).  Therefore, Plaintiff's claims for money damages are legally frivolous based on absolute prosecutorial immunity or because Plaintiff seeks relief from Defendants who are entitled to immunity.

Also, Defendant White, whether he is a private attorney or a public defender, is not a state actor under § 1983 and is not a proper party to this action. *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).

Plaintiff's request that the Court enjoin Defendants from having any further involvement in the pending prosecution, even if not barred by prosecutorial immunity or for failure to name a state actor, violates the notion of comity. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger*, 401 U.S. 37; *Phelps v. Hamilton (Phelps II)*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

The Court finds no exceptions to *Younger* apply. The Court, therefore, abstains from addressing Plaintiff's claim for relief against Defendants for injunctive relief.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed, in part without prejudice, for lack of subject matter jurisdiction, and, in part with prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  12th  day of   December  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court